IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONI CRENSHAW JOHNSON, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 09-AR-0861-S |
| } | |
| THE CITY OF WARRIOR, ALABAMA, } | |
| et al., } | |
| } | |
| Defendants. } | |

## **MEMORANDUM OPINION**

Before the court is the motion of defendants, City of Warrior, Alabama, ("City")[1] and Officer Corey Archer ("Archer")(collectively "defendants"), pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss the complaint of plaintiff, Toni Crenshaw Johnson ("Johnson"). Johnson claims that defendants, under color of law, in violation of 42 U.S.C. § 1983, violated her rights by depriving her of her property without due process of law under the Constitution of the United States. Although there are two defendants, one a municipality and the other an employee of the municipality, Johnson sometimes aggregates them without distinguishing between theories of liability arguably applicable to one but not the other. Johnson appends state law claims, namely, a violation of the due process provision of the Constitution of Alabama, negligence and/or

---

[1] The complaint names "City of Warrior Alabama" as a defendant. Paragraph 8 of the complaint states that "Johnson is the owner of property located at Lot 11, Block 5 of North Warrior, Alabama." Defendant Warrior, Alabama, has not objected. The court will assume, for now, that Warrior, Alabama and North Warrior, Alabama are one and the same.

wantonness, slander of title, conversion, and trespass. Defendants interpose several defenses in their joint Rule 12(b)(6) motion. For the following reasons, defendants' motion is due to be granted and the action dismissed with prejudice, without the right to amend, insofar as any § 1983 claim against Archer is his official capacity is concerned. Defendants' motion will also be granted in its entirety, but Johnson, if she can do so, will be allowed to amend to eliminate the deficiencies hereinafter described, that is, to the extent they are susceptible to successful amendment.

## **Pertinent Factual Allegations**[2]

This action is brought by the owner of property described as Lot 11, Block 5,[3] of Warrior, Alabama (hereinafter "Lot 11"). Until 2007, Johnson's mobile home was located on Lot 11. In May 2007:

> [D]efendants began to place signs and notices outside of Johnson's property indicating that the property was going to be condemned as a drug nuisance. Johnson vehemently denied that any drug activity was ongoing at the property and told the defendants that she would contest any attempt to condemn the property. . . . On or about May 9, 2007 the defendants filed a complaint in the Circuit Court of Jefferson County, Alabama entitled *City of Warrior v. Darcus Singleton and Elizabeth Porter*, CV-

---

[2] The recitation of facts is based on the allegations contained in the complaint. While the precise timeline in which the relevant events occurred is not clear from the face of the complaint, the court has attempted to piece together the various allegations to make a coherent narrative, always resolving any ambiguity in favor of the non-moving party.

[3] While not clear from the complaint, it appears that Johnson is alleging she owns (or at all relevant times owned) all of the following "property": The mobile home which once sat on Lot 11, Block 5; personal possessions located inside of the mobile home; *and* Lot 11, Block 5 itself. The effect of the distinction, if any, is of no consequence to the court's opinion.

> 2007-1704 [(hereinafter "injunction hearing")]. In that complaint, the defendants alleged that property located at *Lot 12*, Block 5 of North Warrior was a "drug-related nuisance" as defined by Alabama Code Section 6-5-155 *et seq* and sought to have an injunction entered allowing the defendants to compel the removal or allow the seizure of a mobile home allegedly located on the property.

(Compl. ¶¶ 9-10.)(punctuation in original; emphasis added). According to Johnson, testimony at the injunction hearing makes it "clear that the mobile home sought to be forced to relocate or seized was Johnson's mobile home on Lot 11." (Compl. ¶ 12.) Also, despite their awareness that Johnson occupied the mobile home, "defendants never attempted to provide notice of the [state] court action attempting to remove and/or seize her property." (Compl. ¶ 12.) Johnson was not a party to the state court proceeding and is not named in the preliminary injunction ("state court order"). (Defs.' Mot. to Dismiss Ex. 2.)[4] The defendants named in the state court proceeding and order are the owners of Lot 12. *See id.*

On approximately July 16, 2007, the "defendants [in the instant case], and/or their representatives," arrived at Lot 11. (Compl. ¶ 13.) Defendants had in-hand a court order.[5] The court

---

[4] Although defendants, as an attachment to their motion, and not Johnson in her complaint, present this court the state court order granting the preliminary injunction, because Johnson referred to the order in her complaint and it is central to her claim, the court may consider it as part of the pleadings for the purposes of a 12(b)(6) motion. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). This does not require the court to convert the motion to dismiss into a motion for summary judgment. *Id.*

[5] The record is unclear whether the state court order granting the preliminary injunction (Defs.' Mot. to Dismiss Ex. 2.) is the "court order" presented to Johnson on the day her mobile home was removed by defendants.

3

order was directed at Lot 12 and did not mention Lot 11. Johnson, who was at the scene, protested and insisted that the participants in the seizure did not have a valid court order. "Defendants" nevertheless "hooked up her mobile home, and without taking proper precautions, pulled it off its foundation." (Compl. ¶ 13.) The mobile home was taken away with many of Johnson's personal possessions. It was "extremely damaged" and eventually "split down the marriage line into two pieces." (Compl. ¶ 14.) It was also left out in the rain in "defendants'" possession, resulting in further damage. (Compl. ¶ 14.) The mobile home was eventually repossessed by a lien holder, and Johnson was held responsible for the difference between the outstanding indebtedness and the diminished value of the mobile home. (Compl. ¶ 15.)

Again, while not distinguishing between defendants, Johnson seeks, *inter alia*, a declaratory judgment, the return of her property, compensatory damages, and punitive damages. (Compl. ¶¶ 11-12.)

## Discussion[6]

---

[6] In order to survive a 12(b)(6) motion, the claimant must allege "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). He must allege "enough facts to state a claim to relief that is plausible on its face," and the facts "must be enough to raise a right to relief above the speculative level." *Id.* at 570. A complaint must contain "'enough factual matter (taken as true) to suggest'" each material element of a claim. *See Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007)(quoting *Twombly*, 550 U.S. at 556). In considering a 12(b)(6) motion, the court "must accept the well pleaded facts as true and resolve them in the light most favorable to the [non-movant]." *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005) (quotations and citation omitted). As put recently by the Supreme Court,

[A] court considering a motion to dismiss can choose to begin by

*Section 1983 Claim Against Archer*

In Count I styled "Constitutional Violations," the complaint alleges: "At all relevant times herein, Defendant Archer was acting in his official capacity." (Compl. ¶ 19.) In her response to the Rule 12(b)(6) motion Johnson says: "Although [ ] possibly not as artfully pled as the plaintiff would like, Officer Corey Archer is sued not only in his official capacity, but, also in his individual capacity." (Pl.'s Resp. to Def.'s Mot. to Dismiss ¶ 9.)

At the motion to dismiss stage, "the scope of a court's review must be limited to the four-corners of the complaint." *Boyd v. Peet*, 249 Fed. Appx. 155, 157 (11th Cir. 2007)(citing *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Johnson has not attempted to amend her complaint to demonstrate an intent to sue Archer individually under § 1983. Unless and until she does so, the § 1983 claims against Archer are due to be dismissed with prejudice for the reasons that follow.

---

identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

*Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950 (2009); *see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993)(holding that there is no heightened pleading requirement for § 1983 cases).

Any § 1983 claim against a municipal agent in his official capacity is duplicative or redundant in light of the fact that Johnson is also suing the City. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985)("Official capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.")(internal quotation marks and citation omitted); *see also Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991)("Such suits against municipal officers are therefore, in actuality suits directly against the city the officer represents.")(citations omitted), *and McCleskey v. City of Dothan*, No. 08-634, 2009 WL 1258290 (M.D. Ala. May 5, 2009)(same). Accordingly, the action, insofar as it seeks § 1983 relief against Archer in his official capacity will be dismissed with prejudice.

*Section 1983 Claim Against the City*

Municipal liability under § 1983 can be based on (1) an express written or oral municipal policy, such as an ordinance, regulation, or policy statement, *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); (2) a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)(internal quotation marks and citation omitted); or (3) the decision of a person with "final policymaking authority." *Id.* at 123. Examples of potentially actionable "municipal policies"

include deliberately indifferent training, *see City of Canton v. Harris*, 489 U.S. 378, 380 (1989), deliberately indifferent supervision or discipline, *see Gold v. City of Miami*, 151 F.3d 1346, 1352 (11th Cir. 1998), and deliberately indifferent failure to adopt policies necessary to prevent constitutional violations. *See, e.g., Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992)("[T]he decision not to take any action to alleviate the problem of detecting missed arraignments constitutes a policy for purposes of § 1983 municipal liability."). Notably, mere enforcement of state court order, even if the order is erroneous, as compared with the express incorporation of unconstitutional state law into local regulations and/or codes, is not sufficient to establish an official "policy" of a municipality. *Cf. Cooper v. Dillon*, 403 F.3d 1208, 1222 (11th Cir. 2005). In addition, "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the '*moving force*' behind the injury alleged." *Board of County Com'rs v. Brown*, 520 U.S. 397, 404 (1997)(first emphasis and internal quotation marks in original; second emphasis added). Mere negligence by an employee or official of a municipality does not authorize § 1983 evaluation. Conspicuously, there is no allegation by Johnson that the City had adopted a policy of hauling away mobile homes on a willy nilly basis or without "due process."

7

This complaint alleges facts that, when taken as true, might suggest some glimmer of entitlement to relief under a § 1983 theory of municipal liability. However, as defendants point out, without any allegation in the complaint that it is policy or custom of the City, rather than the mere enforcement of state law, that led to Johnson's injuries, the present complaint fails to state a claim against the City under a Rule 12(b)(6) challenge. The complaint likewise does not demonstrate how any municipal policy or custom is the moving force behind the injuries alleged. It is not the court's function to rewrite Johnson's complaint, and, as Johnson herself acknowledges in her response to the motion to dismiss, the complaint is not as "artfully pled as [she] would like." The court, with some trepidation, detects a theoretical basis in the facts that causes the court to give Johnson an opportunity to amend to remedy glaring deficiencies. At this juncture City's Rule 12(b)(6) motion will be granted, but with leave to amend.

*State Law Claims*

The court can only assume jurisdiction over Johnson's state law claims by an exercise of its supplemental jurisdiction under 28 U.S.C. § 1367(a). Because the federal claims are being dismissed, the court's jurisdiction over Johnson's state law claims is purely discretionary. 28 U.S.C. § 1367(c)(3); *Busse v. Lee County, Fla.*, 317 Fed. Appx. 968, 974 (11th Cir. 2009)("[W]e expressly encourage district courts to [decline to exercise supplemental jurisdiction

over state law claims] when all federal claims have been dismissed pretrial.")(citation omitted). The court detects shortcomings in the presentation of state law claims, beyond the existence of a viable federal claim to which to attach, but this court will not discuss them unless and until a viable federal claim is stated.

## Conclusion

By separate order, the foregoing opinion will be implemented.

DONE this 13th day of July, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE